IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**ELBERT JOHNSON,**
    **Petitioner,**

**v.**                                         **Case No.  5:05cv88/SPM/MD**

**JAMES CROSBY, JR.,**
    **Respondent.**
_____

## REPORT AND RECOMMENDATION

**Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Respondent has filed a motion to dismiss the petition, providing relevant portions of the state and federal court records.  (Doc. 9). Petitioner has responded in opposition to the motion. (Docs. 10 & 11).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, it is the opinion of the undersigned that the pleadings and attachments before the court show that the petition is an unauthorized second or successive petition and should be dismissed.**

**In this habeas action, petitioner challenges his September 25, 1980 conviction of armed robbery entered in the Circuit Court of Jackson County, Florida, in case number 79-636.  (Doc. 1).[1]  Although petitioner has denied on the petition form that he previously filed a § 2254 petition regarding the validity of this conviction, the court's records confirm that on February 13, 1986 petitioner filed in this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the same**

---

[1]**Petitioner was sentenced to 100 years imprisonment to run consecutive to the expiration of his sentence in case number 80-356.  (Doc. 9, ex. D).  Petitioner was convicted in Jackson County Circuit Court case number 80-356 of attempted second degree murder.  (*See* www.dc.state.fl.us).**

conviction.  (*See Johnson v. Wainwright*, Case Number MCA 86-2006/RV/SMN; *see also* Doc. 9, ex. J).[2]  That petition was denied.  (*Id. see also* Exs. O, P & Q).  On March 25, 1987 petitioner filed another § 2254 petition in this court challenging the same conviction.  (*See Johnson v. Dugger,* Case Number 87-50065/RV/SMN; *see also* Ex. T).  Ultimately, that petition was denied as well.  (*Id.*; *see also* Exs. AA, BB & CC).  On March 5, 1990 petitioner filed a third petition under § 2254.  (*See Johnson v. Dugger*, Case Number 90-50070/WS/SMN; *see also* Ex. DD).  The petition was dismissed as an abuse of the writ.  (*Id.*; *see also* Exs. II & JJ).  The United States Court of Appeals for the Eleventh Circuit affirmed on September 9, 1992.  (Ex. OO).  Rehearing was denied on October 26, 1992. (Ex. QQ).  Petitioner filed the instant petition, his fourth, on April 15, 2005.  (Doc. 1).  In his response to respondent's motion to dismiss, petitioner does not dispute that he previously filed three § 2254 petitions challenging the same conviction that is under attack here.  Further, he alleges no facts to suggest that the Eleventh Circuit has approved the filing.

Title 28 U.S.C. § 2244(b)(3)(A) provides:  "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  *See* Rule 9, Rules Governing Section 2254 Cases (2005); *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 2337, 136 L.Ed.2d 346 (1996); *In re Medina*, 109 F.3d 1560 (11th Cir. 1997).  The instant petition is second or successive, and it is obvious from the record that petitioner has failed to obtain the requisite permission from the Eleventh Circuit Court of Appeals in order to file this petition.  This failure operates as a jurisdictional bar that precludes the district court's consideration of the merits of the petition.  *See Fugate v. Dep't of Corrections*, 301 F.3d 1287, 1288 (11th Cir.), *cert. denied*, 123 S.Ct. 15, 153 L.Ed.2d 878 (2002).  For this reason, this case will be dismissed without prejudice to allow petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.

**Accordingly, it is respectfully RECOMMENDED:**

---

[2] Hereafter all references to exhibits will be to those attached to Doc. 9 unless otherwise noted.

1.  That respondent's motion to dismiss (doc. 9) be GRANTED.

2.  That this § 2254 petition (doc. 1) be DISMISSED WITHOUT PREJUDICE, and the clerk be directed to close the file.

3.  That the clerk also be directed to send petitioner the Eleventh Circuit's form application for leave to file a second or successive petition.

At Pensacola, Florida this 15th day of December, 2005.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  A copy of any objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**