IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**ELBERT JOHNSON,**

    Petitioner,

vs.                                        5:05-CV-088-SPM

**JAMES CROSBY, JR.,**

    Respondent.

_____/

**ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION
AND DISMISSING CASE**

    **THIS CAUSE** comes before the Court upon the magistrate judge's report and recommendation (doc. 14) filed December 15, 2005.  The parties have been furnished a copy and have been afforded an opportunity to file objections. Petitioner filed his objections on January 13, 2006 (doc. 17).

    Pursuant to Title 28, United States Code, Section 636(b)(1), I have made a *de novo* determination of those portions to which an objection has been made. Notwithstanding the fact that nowhere in his filings does Petitioner mention the "new law" that would exempt him from the bar against successive post-conviction petitions, he is still required to obtain permission from the Eleventh Circuit before filing a successive motion, regardless of the reason.  28 U.S.C. § 2244(b)(3)(A)

clearly provides that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* Rule 9, Rules Governing Section 2254 Cases.  Petitioner may be confusing the federal rules with Florida's rules, in which a trial court, without permission from an appellate court, may entertain a successive motion based upon a change in the law since the first petition was filed.  FLA. R. CRIM. P. 3.850; *see also* Witt v. State, 465 So. 2d 510, 512 (Fla. 1985).

Even if Petitioner could cite a valid change in the law affecting his sentence, he would still be required to seek permission from the Eleventh Circuit before filing a successive petition in this Court.  28 U.S.C. § 2244(b)(3)(A).  The appellate court may then authorize a successive petition "only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."  28 U.S.C. § 2244(b)(3)(C).

Because no such permission has been granted by the Eleventh Circuit, this Court lacks jurisdiction to entertain the petition.  United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005)(*citing* Farris v. United States, 333 F.3d 1211, 1216 (11th Cir.2003)).  Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The magistrate judge's report and recommendation (doc. 14) is adopted and incorporated by reference in this order.

2. Respondent's motion to dismiss (doc. 9) is hereby *granted*.

3. This case is hereby *dismissed* without prejudice.

4. The clerk is directed to close this file and send Petitioner the Eleventh Circuit's form application for leave to file a second or successive petition.

**DONE AND ORDERED** this <u>eighteenth</u> day of January, 2006.

      *s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

/pao